David SIMON, Russell Mokhiber, Mary Maloney, Neil Nininger, Frederic A. Maxwell, John W. Hirzy, and B. Wardlaw, Appellants,

v.

UNITED STATES, Appellee.

Nos. 86–1271 to 86–1273, 86–1335, 86–1362, 86–1370 and 87–576.

District of Columbia Court of Appeals.

Argued Nov. 29, 1989.

Decided Feb. 21, 1990.

Nina Kraut, Washington, D.C., for appellants Simon, Mokhiber, Maloney, Hirzy, and Wardlaw.

Peter G. Kuh, Rockville, Md., for appellant Nininger.

Frederic A. Maxwell, pro se.

Erik P. Christian, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, FERREN, and STEADMAN, Associate Judges.

PER CURIAM:

Appellants challenge their convictions for unlawful entry, D.C.Code § 22–3102 (1989),

---

based on their refusal to leave the Library of Congress at a new closing hour when an authorized person ordered them to do so. Only one issue merits discussion, and in all respects we affirm.[1]

Because of "First Amendment considerations," we have interpreted § 22–3102 "to require some additional specific factor beyond the mere direction of an authorized person to leave the property in order to make a person's presence on public property illegal." *Shiel v. United States*, 515 A.2d 405, 408 (D.C.1986), *cert. denied*, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 706 (1988); *see also O'Brien v. United States*, 444 A.2d 946, 948 (D.C.1982); *Carson v. United States*, 419 A.2d 996, 998 (D.C. 1980). Appellants argue that the order changing the closing hour is the only "additional specific factor" that could serve to justify their convictions; that this order is a "regulation" within the meaning of 2 U.S.C. § 167f(a) (1988) which was never published in a daily newspaper as required, 2 U.S.C. § 167f(b); that the order is therefore invalid; and that their convictions, accordingly, must be reversed for lack of an "additional specific factor." We hold that the order changing the closing hour at the Library of Congress was issued pursuant to 2 U.S.C. § 136 (1988), not § 167f; that § 136 has no newspaper publication requirement, and thus that appellants' argument fails.

There are two sources of regulations for the Library of Congress: § 136 and § 167f.[2] The Library's regulations published in the Code of Federal Regulations have been promulgated pursuant to § 136 and are set forth in 36 C.F.R. Parts 701 (Procedures and Services), 702 (Conduct on Library Premises), and 703 (Availability of Library of Congress Records). The order we are concerned with here was issued as contemplated by regulations under 36 C.F.R. 701 and 702 that expressly address "announced hours of public opening."[3] Clearly, Congress contemplated unlawful entry prosecutions for violations of regulations issued under § 136. According to 2 U.S.C. § 167h (1988), the Library of Congress police have general authority to enforce and make arrests for violations "of any law of the United States, any law of

---

**1.** There is no merit to the sentencing claim. *See* D.C.Code § 16–710 (1989) (allowing court to suspend execution of sentence and impose probation "upon such terms as it deems best"); *United States v. Tolla*, 781 F.2d 29, 33–36 (2d Cir.1986). The trial court did not abuse its discretion in denying appellant Maloney's request to change counsel. *See Douglas v. United States*, 488 A.2d 121, 142–43 (D.C.1985). Appellants demonstrate no prejudice from the lack of the inquiry mandated by Super.Ct.Crim.R. 44(b). *See Fitzgerald v. United States*, 530 A.2d 1129, 1138 (D.C.1987).

**2.** 2 U.S.C. § 136 (1988) provides:

The Librarian of Congress shall be appointed by the President, by and with the advice and consent of the Senate. He [or she] shall make rules and regulations for the government of the Library.

2 U.S.C. § 167f (1988) provides:

(a) In addition to the restrictions and requirements specified in sections 167a to 167e of this title, the Librarian of Congress may prescribe such regulations as may be deemed necessary for the adequate protection of the Library of Congress buildings and grounds and of persons and property therein, and for the maintenance of suitable order and decorum within the Library of Congress buildings and grounds.

(b) All regulations promulgated under the authority of this section shall be printed in one or more of the daily newspapers published in the District of Columbia, and shall not become effective until the expiration of ten days after the date of such publication.

**3.** The pertinent sections of 36 C.F.R. 701 and 702 are:

§ 701.2(a)

In accordance with the Library's general policy, persons other than staff members may be admitted to the Library buildings and to the various areas therein that are open to the public during the announced hours of public opening. * * *

§ 702.2

Admittance and movement of visitors in Library buildings will be restricted to the areas providing facilities and services to the public during announced hours of public opening. * * *

§ 702.3(a)(1)

All persons using the premises shall conduct themselves in such manner as not to affect detrimentally the peace, tranquility, and good order of the Library. Such persons shall:

Use areas that are open to them only at the times those areas are open to them and only for the purposes for which those areas are intended[.]

the District of Columbia, or of any state, or any regulation promulgated pursuant thereto.... "

An order that sets the Library's closing hours is not clearly responsive to the concerns for protection and decorum that regulations promulgated under § 167f(a), *supra* note 2, are intended to address. Nor is such an order akin to the concerns addressed in 2 U.S.C. §§ 167a to 167e,[4] which are also covered by § 167f.[5] Finally, an unlawful entry prosecution is not the most explicit basis for enforcing 167f, since violation of that provision is expressly punishable under 2 U.S.C. § 167g (1988) by a fine of not more than $100 or imprisonment for not more than sixty days, or both (or by imprisonment for not more than five years for public property damage exceeding $100).[6]

Because the closing hours order in this case was properly issued pursuant to 2 U.S.C. § 136, therefore, no newspaper publication was required.[7]

*Affirmed.*

---

4. 2 U.S.C. §§ 167a to 167e (1988) concern limitation of travel over Library grounds to paved areas only; solicitations in the Library buildings and grounds; injuries to Library property; and firearms, fireworks, harangues, abusive language, parades, assemblages, and flag displays on Library buildings and grounds.

5. Accordingly, we do not reach the more difficult question whether a regulation aimed at the concerns addressed by § 167f must meet the newspaper publication requirement, even though purportedly promulgated under the more general authority of § 136. Note that the provision relating to regulations applicable to the Supreme Court grounds originally contained a newspaper publication requirement similar to the one in § 167f, *see* Act of August 18, 1949, ch. 479, § 7(b), 63 Stat. 616, 617, but that the statute was amended in 1982 simply to require that such regulations must be "posted" at the Supreme Court and "made reasonably available to the public in writing." 40 U.S.C. § 13*l*(b) (1982). *See also* 40 U.S.C. § 193r(b) (1982) (provision relating to the publication of regulations for the protection of the Smithsonian).

6. Although we do not decide the issue, we note the possibility that a violation of 2 U.S.C. § 167f may be subject not only to the penalties prescribed in 2 U.S.C. § 167g but also to punishment for unlawful entry, which permits a fine not exceeding $100 or imprisonment for not more than six months, or both. D.C.Code § 22–3102 (1989). Pursuant to 2 U.S.C. § 167h, the Library of Congress police not only have general authority to enforce any law or regulation but also have express authority to make arrests "for violations of the provisions of sections 167a to 167e of this title [and] of any regulation prescribed under section 167f of this title." Moreover, the penalty provision under the regulations issued pursuant to 2 U.S.C. § 136, 36 C.F.R. § 702.15(a), broadly provides:

Persons violating provisions of 2 U.S.C. 167a to 167e, inclusive, *regulations promulgated pursuant to 2 U.S.C. 167f,* this Regulation, or other applicable Federal laws relating to the Library's property ... are subject to removal from the premises, to arrest, *and to any additional penalties prescribed by law.* * * * [Emphasis added.]

7. Appellants' claim that the order was not enforced in a content-neutral fashion—because the reporters on the premises covering the protest were not arrested—is meritless. There is no evidence that appellants were asked to leave because of the content of their message. *Cf. United States v. Powell,* 563 A.2d 1086, 1090–91 (D.C.1989).